**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**MATTHEW FREEZE**                                                                                           **PETITIONER**

**VS.**                              **CASE NO. 2:11CV00060 JMM/HDY**

**T.C. OUTLAW, WARDEN,**                                                                             **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District

1

> Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Matthew Freeze, an inmate in federal custody, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Mr. Freeze entered a guilty plea to mail fraud in the United States District Court for the Southern District of Texas. He was sentenced in February of 2005 to 57 months imprisonment. He does not challenge his conviction in this action. Instead, he challenges the timing for his placement in a Residential Reentry Center (RRC). According to the respondent, Mr. Freeze's release date is January 16, 2012. The respondent states that Mr. Freeze was reviewed for RRC placement, and it was recommended that he receive 151 to 180 days of RRC placement. The respondent indicates that petitioner is currently scheduled for RRC placement on July 21, 2011, which is 180 days prior to release. The respondent concedes that a printout dated March 22, 2011 indicated petitioner's RRC placement was scheduled for June 16, 2011 (roughly 215 days prior to release). The respondent attaches an April 26, 2011, memorandum from Case Worker Curtis

Glasgow, who indicates that the March 22, 2011, printout was in error, and that the July 21, 2011, RRC placement date is correct. The respondent contends the petition should be dismissed because the petitioner has not exhausted his available administrative remedies, and because there is no legal or factual basis to contest his 180 day RRC placement.

Mr. Freeze admits that he has not exhausted the administrative avenues for relief, but urges that it would be futile at this point to require exhaustion as the time for his release is imminent and the administrative process would not be completed in time to address the RRC placement issue. We agree that it would be futile to require Mr. Freeze to complete the administrative process at this stage. *See Thurman v. Sanders,* No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at 2 (E.D.Ark. Aug. 14, 2006) (citing *Ortiz v. Fleming,* 2004 WL 389076 (N.D. Texas 2004)) (exhaustion is not required if it would be futile).

We now consider whether there was error in the RRC placement process of Mr. Freeze. The gist of petitioner's claim is that "once a prisoner is given an approved transfer date, his interest in that date becomes vested, and he cannot be deprived of that date without the procedural protections of due process. . . Mr. Outlaw also claims that the June 16, 2011 date was an inadvertent typographic or mathematic error. . . This is a bare assertion without evidentiary support." Docket entry no. 14, page 8.

The pertinent dates are not in dispute.

July 15, 2010     Curtis Glasgow, Chairperson, issues a RRC Needs Assessment statement recommending 151 to 180 days of RRC placement for Mr. Freeze. Mr. Glasgow and Mr. Freeze sign the statement. Docket entry no. 11-1, page 48.

| | |
|---|---|
| March 22, 2011 | A printout shows that petitioner is to receive approximately 211-215 days of RRC placement. |
| March 29, 2011 | Petitioner files this habeas corpus action claiming his right to RRC placement on June 16, 2011. |
| April 26, 2011 | Curtis Glasgow, by memorandum to R.D. Weeks, explains that he gave the printout to Mr. Freeze prior to checking to see if the RRC placement date fell within the 151 to 180 day placement range. Upon discovering that the date did not comport with the recommendation, Mr. Glasgow requested the date be moved to July 21, 2011, giving Mr. Freeze exactly 180 days of RRC placement. |

The issue of RRC placement is governed by 18 U.S.C. §3624(c), commonly referred to as the Second Chance Act. This statute requires that the Bureau of Prisons (BOP) shall, "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. §3624(c)(1). The BOP has issued regulations directing that inmates must be reviewed for pre-release RRC placement 17-19 months before their projected release dates. *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008). In this instance, the petitioner does not dispute that the BOP performed an analysis of his RRC placement eligibility. He further does not challenge the timing of the RRC analysis. Indeed, the RRC evaluation took place 18 months prior to Mr. Freeze's release date, squarely within the BOP's 17-19 month framework. The sole complaint is that the respondent *must* move the petitioner to an

RRC facility on June 16, 2011, because of the printout received by Mr. Freeze on March 22, 2011. We find no merit in this claim. The petitioner is incorrect when he alleges there is no evidence to suggest some typographic or bureaucratic error in providing the June 16, 2011, date to him. The existence of the July 15, 2010, RRC Needs Assessment statement recommending 151 to 180 days of RRC placement for Mr. Freeze is ample evidence that he would not be sent to an RRC facility prior to July 21, 2011. Mr. Glasgow's April 2011 memorandum confirms the intent expressed in the RRC Needs Assessment. Mr. Freeze claims, without supporting authority, that due process demands that he be moved to an RRC facility on June 16, 2011. This, however, is a misplaced view of the process that is due him. The pertinent statute and BOP regulations provide him with certain procedural safeguards, including the right to an individual needs assessment, that this assessment be performed 17-19 months prior to his release date, and that he serve a portion of his final months in an RRC facility. Mr. Freeze has received the process he is due pursuant to the statute and the accompanying regulations. The erroneous printout did not trigger additional due process rights.

In summary, Mr. Freeze has not shown any constitutional violation in the manner in which the prison officials have calculated his eligibility for RRC placement, nor has he shown that other rules or statutes should have governed the decision. As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this __24__ day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE